# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ERIC D. WHEELER,

       Plaintiff,        :        Case No. 3:10-cv-197

                              District Judge Thomas M. Rose
     -vs-                       Magistrate Judge Michael R. Merz

                             :

DAYTON POLICE DEPARTMENT,
  et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c). §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have

> been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin). The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 118 L. Ed. 2d at 349.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).

Plaintiff is serving a two year sentence for possession of crack cocaine. He claims that his conviction was obtained by or after a number of violations of his constitutional rights and brings this action under 42 U.S.C. § 1983 for compensation for deprivation of those rights. Specifically, he claims Defendant Dayton police officers Halburnt and Fuller stopped him in the first place as a result of racial profiling, having stopped him and the two other African-American men with whom he was sitting in a truck because they were black. Secondly, he claims the officers perjured themselves when they stated they smelled an odor of marijuana in the truck. Third, he claims one of them planted three grams of marijuana on him. Fourth, he asserts he was unconstitutionally strip searched in a very public place in violation of his Fourth Amendment rights. Fifth, he claims he has been unconstitutionally imprisoned as a result of all these violations. He seeks damages against the individual officers and also against the Dayton Police Department and a reduction in his sentence.

As Plaintiff indicates in his Complaint, he was convicted of possession of crack cocaine. While he has appealed from that conviction, he has not yet heard from the Court of Appeals about

any decision in his case.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

*Heck v. Humphrey,* 512 U.S. 477(1994). Because Plaintiff's conviction has not yet been adjudicated on appeal, he does not yet have an available claim for relief for money damages under § 1983 for any constitutional violations which may have resulted in his conviction. Each of the constitutional violations he alleges was part of the chain of events leading up to his conviction, so that this Court is barred from proceeding on this claims until or unless his conviction is overturned by some competent court.

To the extent Plaintiff is seeking a reduction of sentence, that type of relief cannot be obtained in a § 1983 action, but only by a petition for writ of habeas corpus. A district court cannot grant release from confinement in a §1983 action; to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). When a complaint purports to be under 42 U.S.C. §1983 but seeks release or even if findings of illegal conviction would be a necessary predicate to granting requested money damages, a federal court must await exhaustion before proceeding either in habeas or 1983. *Hadley v. Werner*, 753 F.2d 514 (6th Cir. 1985). Petitioner cannot now file a petition for writ of habeas corpus because such petitions require that the prisoner first exhaust any remedies available to him in the state courts. In this case, Petitioner has not exhausted his direct appeal, much less any appeal to the Ohio Supreme Court or any petition for post-conviction relief under Ohio Revised Code § 2953.21.

Because neither of the types of relief Plaintiff seeks are available to him at this time, the

Complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted. Petitioner can then re-file for damages if he is successful in the state courts or re-file for habeas relief if he is unsuccessful.

May 27, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).